UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TIM CARSON** and **GABRIELLE GILLOTA**, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No._____<br>)<br>) REMOVED FROM: |
| **STATE FARM FIRE AND CASUALTY COMPANY** and **AMERICAN CONSULTING, INC. d/b/a AMERICAN STRUCTUREPOINT, INC.**, | ) Court of Common Pleas<br>) Medina County, Ohio<br>) Case No. 18-CIV-0041<br>)<br>) |
| Defendants. | ) |

### NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm"), by its undersigned attorneys, hereby gives notice of the removal of this action from the Court of Common Pleas, Medina County, Ohio, to this District Court, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446.

### Plaintiffs' State Court Filings

1. On January 11, 2018, Plaintiffs Tim Carson and Gabrielle Gillota ("Plaintiffs") filed a complaint asserting individual and proposed class claims against State Farm and American Consulting, Inc., d/b/a American Structurepoint, Inc. ("ASI"), in the Court of Common Pleas, Medina County, Ohio ("Complaint"). (*See* Complaint, attached as Exhibit 1.) Plaintiffs' Complaint asserted breach of contract and bad faith claims against State Farm (*id.* at 17-21), and an unjust enrichment claim against ASI. (*Id.* at 21-22.)

2. On January 24, 2018, Plaintiffs filed a First Amended Class Action Complaint (the "FAC") in the Court of Common Pleas. (*See* First Amended Complaint, attached as Exhibit 2.) Plaintiffs' FAC continues to assert claims against State Farm for breach of contract and bad faith, and against ASI for unjust enrichment, but adds new claims against State Farm for negligent misrepresentation and constructive fraud. (*Id.* ¶¶ 65-108.)

3. Plaintiffs seek compensatory, consequential, and punitive damages, as well as restitution, unspecified declaratory and injunctive relief, disgorgement, interest and all expenses of this action, including attorneys' fees. (*Id.* at 29-30.)

4. Plaintiffs allege that they insured their residential property located in Medina, Ohio under a State Farm homeowners insurance policy (the "Policy"). (*Id.* ¶¶ 2, 10.) Plaintiffs' insured property allegedly sustained "high-wind damage" to its roof on or about January 11, 2017. (*Id.* ¶ 40.) Plaintiffs allege that the wind damage is a covered loss under the Policy. (*Id.* ¶ 41.)

5. Plaintiffs allege that State Farm "advised Plaintiffs that it would only repair a portion of Plaintiffs' roof." (*Id.* ¶ 42.) Plaintiffs further allege that repairing only a portion of the roof would not result in a "reasonably comparable" appearance, and that they therefore demanded that State Farm "replace their entire roof." (*Id.* ¶¶ 44-45.)

6. Plaintiffs allege that State Farm responded to their demand for replacement of their entire roof by hiring an engineering firm, ASI, to assess the roof damage. (*Id*. ¶¶ 23, 46.) According to the FAC, State Farm only hires engineering firms, like ASI, that are biased in favor of State Farm, and that make artificially low damages assessments. (*Id.* ¶¶ 23-25, 27, 30, 33, 35, 39.)

7. Plaintiffs allege that, following ASI's assessment of Plaintiffs' roof damage, "State Farm only agreed to pay approximately $4,700 to patch repair Plaintiffs' roof[.]" (*Id.* ¶ 48.) Plaintiffs nevertheless opted to fully replace their roof, at an alleged total cost of $8,615.11. (*Id.* ¶ 49.)

8. Based on the foregoing allegations, Plaintiffs contend that State Farm has breached the terms of its policy (*id.* ¶¶ 65-70) (Count One); breached the covenant of good faith and fair dealing (bad faith) (*id.* ¶¶ 71-87) (Count Two); committed the tort of negligent misrepresentation (*id.* ¶¶ 94-98) (Count Four); and engaged in "constructive fraud" (*id.* ¶¶ 99-108) (Count Five). Plaintiffs also assert a claim for unjust enrichment against ASI. (*Id.* ¶¶ 88-93 (Count Three).) Plaintiffs purport to assert all these claims on behalf of themselves and the members of a proposed class (the "Class") defined as:

> All State Farm Insureds In The State Of Ohio Who Had Their Property Damage Claims Assessed or Evaluated by An Engineer From State Farm's EST[1] To Determine Their Property Damage Claim During The applicable Period Of Limitations.

(*Id.* ¶ 52.)

9. State Farm submits that Plaintiffs' claims are wholly without merit. Among other things, Plaintiffs' allegation that State Farm only agreed to pay for a "patch repair" of their roof is belied by State Farm's estimate, the report of the engineer, and other documentation relating to the claim. State Farm in fact estimated to replace the entire damaged slope of Plaintiffs' twenty-year-old roof (as the approximately $4,700 that State Farm paid on the claim indicates), and identified as part of its investigation shingles that would have resulted in that slope having a

---

[1] Plaintiffs' pleadings use "EST" as shorthand for the engineer selection tool that they allege State Farm utilizes to select engineers. (*See, e.g.*, FAC ¶ 24.)

reasonably comparable appearance to the undamaged slope.  Moreover, the so-called "repair" shown in the photograph that accompanies paragraph 44 of Plaintiffs' FAC was done by Plaintiffs' contractor, not by State Farm, and does not reflect in any way the type of full-slope replacement for which State Farm paid.  Plaintiffs' allegations that State Farm uses "biased" engineers are similarly baseless.

10. State Farm also submits that no class could properly be certified here for numerous reasons, including that Plaintiffs' theory of liability – that State Farm uses biased engineers to justify underpaying claims – would require an individualized inquiry with respect to every claim within the scope of the putative class to determine whether the claim was underpaid.  Nevertheless, it is clear for the reasons set forth in the remainder of this Notice of Removal that this case belongs in federal court pursuant to both CAFA and traditional diversity jurisdiction, and State Farm is accordingly exercising its right of removal.

## Bases for Removal

11. As set forth more fully below, this removal is proper both procedurally and in substance.  The removal is timely and is properly venued.  In addition, removal is proper because it satisfies both: (1) the CAFA requirements of minimal diversity, asserted class size, and aggregate amount in controversy for the asserted class; and (2) the traditional diversity requirements concerning diversity of citizenship and amount in controversy for Plaintiffs' individual claims.

**I.   The Procedural Requirements for Removal Are Satisfied.**

12. State Farm's removal of the instant action to this Court is timely.  State Farm was served with the original Complaint on January 22, 2018, by certified mail.  (*See* Ex. 1.)  This

4

Notice of Removal has been filed within 30 days thereafter, and it accordingly is timely. *See* 28 U.S.C. § 1446(b)(1).

13. Venue is proper in this Court because the Court of Common Pleas, Medina County, is located in the Northern District of Ohio, Eastern Division. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court . . . for the district and division embracing the place where such action is pending"); *see also* LR 3.8(a) ("The Eastern Division consists of . . . Medina [County]").

14. Consistent with the requirements of 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders contained within the state court file (attached as Exhibit 3) and a printout of the state court's docket (attached as Exhibit 4), are attached and filed herewith.

15. As 28 U.S.C. § 1446(d) requires, a copy of this Notice of Removal is being served upon Plaintiffs' counsel, and a copy is being filed with the Clerk of the Court of Common Pleas, Medina County, Ohio.

## II. The Substantive Requirements for CAFA Removal are Satisfied.

16. Under CAFA, this Court has diversity jurisdiction over any asserted class action that: (1) includes at least one class member who is a citizen of a state different from any defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)-(6). Each requirement is satisfied here. Moreover, despite Plaintiffs' assertions, neither the local controversy exception nor the home state exception to CAFA jurisdiction applies.

### A. There is Minimal Diversity.

17. Plaintiffs allege that they are citizens of Ohio, as are the putative class members. (FAC ¶¶ 2-3.) *See Pate v. Huntington Nat'l Bank*, No. 5:12CV1044, 2013 WL 557195, at *4

(N.D. Ohio Feb. 12, 2013) (relying upon allegations of complaint to establish CAFA jurisdiction).

18. Plaintiffs acknowledge that State Farm "is a foreign corporation," but Plaintiffs also allege, citing 28 U.S.C. § 1332(c)(1), that "[f]or purposes of this **direct action** against Defendant State Farm, State Farm is deemed a citizen of the State of Ohio." (*Id.* ¶¶ 4-5 (emphasis added).) This latter allegation is incorrect as a matter of law, because the provision relied on by Plaintiffs does not apply here.

19. 28 U.S.C. § 1332(c)(1) provides that, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, **except that in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—(A) every State . . . which the insured is a citizen[.]**" 28 U.S.C. § 1332(c)(1)(A) (emphasis added). As the U.S. Court of Appeals for the Sixth Circuit has recognized, "[t]he direct action proviso of § 1332(c)(1) does not apply to suits brought by an insured against her own insurer . . . ." *Ljuljdjuraj v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 908, 910 (6th Cir. 2014). Here, Plaintiffs are suing their own insurer. Moreover, "[t]he language of the statute on its face does not apply where a suit is brought under an insurance policy provision that does not provide for liability insurance, but rather where a suit is brought under a policy provision that covers the plaintiff on a basis *other than* liability by the insured to the plaintiff." *Id.* at 911 (emphasis in original); *see also id.* at 912 (noting federal appellate courts have consistently held the direct action proviso does not apply to suits "outside of the liability insurance context"). In this case, of course, Plaintiffs *are* the insureds, and their claim is brought on the basis of a policy provision that

covers accidental direct physical loss to their insured property, not liability of the insureds to third parties. Because Plaintiffs' suit is not a direct action, State Farm may not be deemed a citizen of Ohio under 28 U.S.C. § 1332(c)(1).

20. Instead, and consistent with Plaintiffs' allegations that State Farm "is a foreign corporation," State Farm alleges that it is organized under the laws of Illinois, and it maintains its principal place of business in Illinois. (*See* Exhibit 5, Declaration of Kristy Stapleton.) State Farm is therefore a citizen of Illinois for purposes of federal jurisdiction. 28 U.S.C. § 1332(c)(1); *see also Ljuljdjuraj*, 774 F.3d at 910 ("State Farm, which is incorporated in Illinois and has its principal place of business there, is a citizen of Illinois."); *Latimore v. State Farm Fire & Cas. Co.*, No. 1:11 CV 272, 2011 WL 2669366, at *3 (N.D. Ohio, July 7, 2011) (noting that State Farm Fire and Casualty Company is a resident of Illinois for purposes of diversity).

21. Plaintiffs acknowledge that ASI, too, is a foreign corporation. (FAC ¶ 6.) Indeed, according to the Ohio Secretary of State Business Filing Portal ("Ohio SOS"), ASI is a Foreign Corporation. (Ohio SOS ASI search, attached as Exhibit 6.) On information and belief, ASI is organized under the laws of Indiana, and it maintains its principal place of business in Indiana, because: (1) the Indiana Secretary of State's Business Information database ("Indiana SOS") lists ASI as a Domestic For-Profit Corporation (Indiana SOS ASI search, attached as Exhibit 7); and (2) ASI's website states that its headquarters is in Indiana. Offices, American Structurepoint Inc., *available at* https://www.structurepoint.com/offices. *See* 28 U.S.C. § 1332(c)(1). Therefore, for purposes of diversity jurisdiction, ASI is a citizen of Indiana.

22. These allegations satisfy complete diversity, and as such easily satisfy CAFA's minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A).

### B. The Asserted Class Size Requirement is Satisfied.

23. Plaintiffs seek to represent a putative class defined as follows:

All State Farm Insureds In The State Of Ohio Who Had Their Property Damage Claims Assessed or Evaluated by An Engineer From State Farm's EST To Determine Their Property Damage Claim During The applicable Period Of Limitations.

(FAC ¶ 52; *see also* Compl. ¶ 52.) Plaintiffs allege that this putative class "includes thousands of State Farm Insureds . . . ." (FAC ¶ 55; *see also* Compl. ¶ 55.)

24. Because Plaintiffs not only purport to define their putative class by reference to the "applicable Period Of Limitations," which varies by claim, but also allege that State Farm "is estopped from relying upon any statute or contractual limitations in the defense of this action" (FAC ¶¶ 52, 64), the temporal scope of their proposed class action is unclear.[2] State Farm's claim records, however, reflect that over recent years State Farm has utilized engineers for several hundred property damage claims in Ohio. State Farm therefore alleges that the putative class contains well over one hundred members.

### C. This Action Places More than $5,000,000 in Controversy.

25. A notice of removal, like a complaint, need only contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. As the Supreme Court has explained, "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the 'pleading' requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of

---

[2] To be clear, State Farm disputes Plaintiffs' allegations that any statutes of limitation should be tolled or that State Farm is estopped from relying on any statutory or contractual limitation period. In addition, State Farm notes that Plaintiffs' homeowners insurance policy provides that

pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)). In keeping with this approach, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

26. State Farm certainly disputes that Plaintiffs have stated viable claims, or that any damages whatsoever are owed to Plaintiffs or the asserted class. But what matters to the jurisdictional inquiry is the amount the class conceivably could recover assuming Plaintiffs succeeded in their suit. *Fielder v. Penn Station, Inc.*, No. 1:12CV2166, 2013 WL 1869618, *2 (N.D. Ohio May 3, 2013); *see also Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 324 (6th Cir. 2015) (rejecting plaintiff's speculation that amount actually recovered might not satisfy amount in controversy requirement). Defendants may make this showing by reference to allegations in a complaint. *Fielder*, 2013 WL 1869618, at *2. Under this standard, Plaintiffs' proposed class claims and pleas for class relief would place more than $5,000,000 in controversy.

27. As previously noted, Plaintiffs' original Complaint asserted two claims against State Farm, for breach of contract and bad faith. With respect to the breach of contract claim, Plaintiffs alleged that, "[a]s a direct and proximate cause of said breach, Plaintiffs have incurred monetary and other damages in excess of Twenty-Five Thousand Dollars ($25,000.00)." (Compl. Count One ¶ 5.) With respect to their bad faith claim, Plaintiffs alleged:

> As a direct and proximate result of the conduct of Defendant State Farm, Plaintiffs and Class Members have sustained substantial compensable losses, including benefits withheld, and economic losses, such as attorney's fees, out of

any action under the policy "must be started within one year after the date of loss or damage." (*See* FAC, Ex. A at 14, "Suit Against Us.")

>pocket expenses, loss of use of the Premises, diminution in property value, personal property loss, out-of-pocket costs and expenses, diminution in value of the insurance policy, and have suffered embarrassment and humiliation and severe mental and emotional distress and discomfort, all to Plaintiffs' detriment and damage in amounts not fully ascertained, but in excess of $25,000 . . . .

(*Id.* Count Two ¶ 21.) Plaintiffs also sought punitive and exemplary damages on their bad faith claim. (*Id.* ¶ 22.) Plaintiffs asserted that their claims are "typical of the Class Members' claims." (Compl. ¶ 56.)

28. Plaintiffs' FAC includes the same allegations concerning the relief sought on their breach of contract and bad faith claims, and adds new claims against State Farm for negligent misrepresentation and constructive fraud. (FAC ¶¶ 65-108.) In each of these new counts, Plaintiffs allege that they "have suffered damages in excess of Twenty-Five Thousand Dollars ($25,000.00)" as a result of the purported wrongful conduct alleged in respect to that count. (FAC ¶¶ 98, 108.)[3] Plaintiffs again allege that their claims are "typical of the Class Members' claims." (*Id.* ¶ 56.)

29. Plaintiffs' allegations can reasonably be understood as seeking compensatory damages in excess of $25,000 as to each of the claims they assert against State Farm, which would mean the total amount placed in controversy by their individual claims exceeds $100,000, even without considering their request for punitive damages and their claim against ASI. Even if there is some ambiguity in Plaintiffs' pleading as to whether that was their intent, however, there can be no doubt that Plaintiffs seek to recover at least $25,000 in compensatory damages on their individual claims, and that they allege those claims are typical of the claims of the putative class

---

[3] Paragraph 98 of the FAC actually refers to "Defendant ASI's actions," which State Farm assumes is a typographical error given that the count in which that paragraph appears is directed solely at State Farm.

members. Thus, even if the putative class includes only 200 members, the amount in controversy would be in excess of CAFA's $5 million threshold even before considering Plaintiffs' request for punitive damages. As previously noted, State Farm's records show that State Farm has retained engineers to assess several hundred property damage claims in Ohio over recent years, and Plaintiffs allege that the class includes "thousands" of members. *See Johnson v. Bank of Am., N.A.*, No. 1:13-CV-02323, 2013 WL 6634498, at *2 (N.D. Ohio Dec. 17, 2013) (finding CAFA amount in controversy met by estimating damages, exclusive of punitive damages, from figures contained in complaint).

30. Plaintiffs' request for punitive damages further increases the amount in controversy well beyond the CAFA threshold. *See Hampton*, 614 F. App'x at 323 ("In calculating the amount in controversy for diversity jurisdiction, courts can consider punitive damages"); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered.") (internal quotation omitted); *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 402 (Ohio 1994) (stating that punitive damages may be recovered "against an insurer that breaches its duty of good faith in refusing to pay a claim of its insured upon proof of actual malice, fraud or insult on the part of the insurer"). Under Ohio law, punitive damages are capped at two times the amount of compensatory damages. Ohio Revised Code 2315.21(D)(2)(a); *see, e.g., Bell v. Zurich Am. Ins. Co.*, 156 F. Supp. 3d 884, 890-91 (N.D. Ohio 2015) (awarding $146,979.50 in compensatory damages for bad faith claim and punitive damages in the amount of twice the compensatory damages). Thus, the amount placed in controversy as to Plaintiffs' individual bad faith claim by their request for punitive damages is at least $50,000 (two times their alleged compensatory

damages "in excess of $25,000"). If the putative class includes just 100 members, whose claims are similar to those asserted by Plaintiffs, the request for punitive damages increases the aggregate amount in controversy, based on Plaintiffs' allegations, by at least $5 million.[4]

31. Even putting aside Plaintiffs' allegations as to the quantum of damages sought, the nature of the claims they allege and the putative class they seek to represent place more than $5 million in the aggregate in controversy. Plaintiffs purport to bring this case as a class action based on a theory that State Farm utilizes engineers to justify systematically underpaying property damage claims in Ohio. They broadly define the putative class to include all State Farm insureds in Ohio who had their property damage claims assessed or evaluated by an engineer selected and retained by State Farm during the applicable period of limitations. Looking at just their breach of contract claim, the statutory limitation period is eight years,[5] which means the putative class as defined by Plaintiffs would include breach of contract claims going back to January of 2010.[6] Taking just four of those years, from 2013 through 2016, State Farm paid out a total of over $40 million for damage to insured structures in claims where an engineer was retained. If under Plaintiffs' theory those claims were allegedly underpaid, on average, by as

---

[4] Plaintiffs also request attorneys' fees, which may be awarded on a bad faith claim where the jury finds that punitive damages are warranted, *Zoppo*, 644 N.E.2d at 402, and which should be considered in determining the amount in controversy if they are statutorily authorized. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Given the difficulty in estimating the potential attorneys' fees that could be awarded if a class were to be certified and prevail on the claims asserted in this case, however, and the fact that the amount in controversy threshold is easily satisfied here without considering attorneys' fees, State Farm has not included them in its amount in controversy calculations.

[5] *See* Ohio Rev. Code § 2305.06.

[6] As previously noted, Plaintiffs' State Farm policy provides that any action under the policy "must be started within one year after the date of loss or damage." (*See supra* n. 2.) Plaintiffs'

little as 10 percent,[7] the amount in controversy for just that four-year time period, and for just the breach of contract count, is over $4 million. The putative class that Plaintiffs seek to represent on the breach of contract claim, however, spans at least twice that four-year time period (more if the Court considers Plaintiffs' allegations that no statutory limitations period should apply), such that the breach of contract claim alone places in controversy an amount well in excess of $5 million. And that is only one of the four claims asserted. The damages that could be recovered on the bad faith claim, for example, may be separate from, and in addition to, these purported contract damages, as are the punitive damages sought by Plaintiffs. *See Asmaro v. Jefferson Ins. Co. of New York,* 574 N.E.2d 1118, 1123 (Ohio Ct. App. 1989) ("A bad faith claim, if proven, allows recovery of what is known as extra-contractual damages. These are actual damages over and above those covered by the insurance contract . . . . Further, if bad faith is proven, punitive damages are available upon a showing of actual malice.").

32. In sum, considering all of the components of Plaintiffs' various damages claims, it is clear that the amount in controversy in this action far exceeds the minimum amount required for CAFA jurisdiction.

**D. Neither the Local Controversy Exception nor the Home State Exception to CAFA Jurisdiction Applies Here.**

33. Implicitly recognizing that the requirements for CAFA jurisdiction are met here, Plaintiffs attempt to avoid federal jurisdiction by alleging that the state court has jurisdiction over the case pursuant to CAFA's local controversy and home state exceptions. (FAC ¶ 9.) Those

---

pleading, however, alleges that State Farm is estopped from relying on this contractual limitation period.

[7] Notably, the allegations of Plaintiffs' individual breach of contract claim appear to assert that they should have been paid twice as much as they were.

allegations are incorrect as a matter of law because both of those exceptions to CAFA require the presence of a defendant who is a citizen of the state where the case is brought. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa)-(cc) (local controversy exception requirement that "at least 1 defendant" is a defendant (i) from whom significant relief is sought, (2) whose alleged conduct forms a significant basis for the claims asserted, *and* (3) who "is a citizen of the State in which the action was originally filed"); 28 U.S.C. § 1332(d)(4)(B) (requiring district court to decline to exercise CAFA jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, *and* the primary defendants, are citizens of the State in which the action was originally filed.").

34. As set forth in detail above (*see* ¶¶ 18-19), neither State Farm nor ASI is a citizen of Ohio. Consequently, this case does not meet the requirements of either the local controversy or home state exceptions to CAFA.

**III. The Substantive Requirements for Removal Based on Diversity of Citizenship are Satisfied.**

35. "[N]othing in CAFA prevents a defendant from removing a putative class action on the basis of diversity jurisdiction, in which case the Court looks only to the named parties to determine whether jurisdiction exists." *Sinohui v. CEC Entm't, Inc.*, No. EDCV 14-2516-JLS KKX, 2015 WL 848199, at *2 (C.D. Cal. Feb. 26, 2015).

36. Under 28 U.S.C. § 1332, this Court has diversity jurisdiction over any action between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

37. As noted above, Plaintiffs are citizens of the State of Ohio, State Farm is a citizen of Illinois, and ASI is a citizen of Indiana. Therefore, this is a matter between citizens of different states pursuant to 28 U.S.C. § 1332(a)(1).

38. Furthermore, the amount in controversy for Plaintiffs' individual claims exceeds $75,000. As noted above, Plaintiffs seek at least $25,000 in compensatory damages against State Farm. Plaintiffs also seek more than $25,000 from ASI in unjust enrichment. (FAC ¶¶ 92-93.) And Plaintiffs seek punitive damages (*id.* ¶ 87), which may be awarded on their bad faith claim in an amount up to twice their compensatory damages, and which must be included in an amount-in-controversy determination. *See supra* ¶ 30.

39. The amount placed in controversy by Plaintiffs' individual claims is thus at least $100,000, even without considering attorneys' fees. The amount in controversy threshold for traditional diversity jurisdiction is clearly met.

40. Finally, because the Court has original diversity jurisdiction over the claims of the named Plaintiffs, the Court appropriately may exercise supplemental jurisdiction over the claims of the proposed class. *See Aldrich v. Univ. of Phoenix, Inc.*, 661 F. App'x 384, 389 (6th Cir. 2016) (holding that where district court had diversity jurisdiction over claims of named plaintiffs, "attaching the related claims of the class members was an appropriate exercise of the district court's supplemental jurisdiction").

41. Defendant ASI has authorized State Farm to state that ASI consents to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

## **CONCLUSION**

42. For all the foregoing reasons, State Farm has properly alleged all prerequisites for the Court to exercise CAFA jurisdiction and traditional diversity jurisdiction over this action.

**WHEREFORE**, State Farm hereby removes this action from the Court of Common Pleas, Medina County, Ohio to this Court.

DATED: February 16, 2018

Respectfully submitted,

/s/ Karl A. Bekeny
Karl A. Bekeny (OH #0075332)
Jennifer L. Mesko (OH #0087897)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009
E-mail: karl.bekeny@tuckerellis.com
         jennifer.mesko@tuckerellis.com

Joseph A. Cancila, Jr.
Sondra Hemeryck (*admission application forthcoming*)
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Suite 2900
Chicago, IL 60602
Telephone: 312.471.8700
E-mail: jcancila@rshc-law.com
         shemeryck@rshc-law.com

*Attorneys for Defendant State Farm Fire and Casualty Company*